IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN CREAR, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1590-L-BN** |
| | § | |
| DELORIS WASHINGTON; | § | |
| BEVERLY D. CHATMAN; | § | |
| TONYA L. RUSSELL; and | § | |
| VICKIE RENA SCOTT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On June 25, 2025, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 7) ("Report"), recommending that the court: (1) dismiss with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), pro se Plaintiff Steven Crear, Sr.'s ("Plaintiff" or "Mr. Crear") claim under 42 U.S.C. § 1983 against Vickie Rena Scott for failure to state a claim upon which relief can be granted; and (2) decline to exercise supplemental jurisdiction over Plaintiff's remaining two claims under state law.[1] The magistrate judge determined that Plaintiff's claim under Section 1983 fails as a matter of law because it is premised on Ms. Scott's conduct in notarizing an allegedly forged deed, but there are no allegations in Plaintiff's Complaint that would support a finding that Ms. Scott is a state actor (state official or employee), only that she is a notary licensed by the state of Texas. Doc. 7 at 4 (citing *Broadley v. Hardman*, 301 F. App'x 4, 5 (1st Cir. Dec. 10, 2008) (per curiam), for the conclusion that an attorney was found not to be a state actor even though he signed and issued a

---

[1] Plaintiff's Complaint includes three counts or claims: Count 1 ("Forgery") against all Defendants; Count II ("Fraud") against all Defendants; and Count III ("Civil Rights Violation") under 42 U.S.C. § 1983 against Defendant Vickie Rena Scott).

**Memorandum Opinion and Order – Page 1**

subpoena as a notary public; *Ruiz-Ramirez v. El Chalala*, No. 5:21-CV-125, 2023 WL 478932, at *1 (S.D. Tex. Jan. 5, 2023), *aff'd* 2023 WL 7549509, 5th Cir. Nov. 13, 2023, for the conclusion that dismissal of Section 1983 claims related to forged deed and misuse of notary public commission was appropriate because the defendants were not state actors; and *Ezell v. Payne*, No. 3:16-CV-1166, 2017 WL 891768, at *8 (W.D. La. Jan. 31, 2017), *rec. accepted*, 2017 WL 889552 (W.D. La. Mar. 6, 2017) (collecting cases finding that notary publics are not state actors). In addition, the magistrate judge recommends that the court not allow Plaintiff to amend his pleadings unless, within the time to file objections to the Report, he explains how he would cure the deficiencies identified if given the opportunity to amend.

Mr. Crear filed objections to the Report (Doc. 8), contending that notaries are state actors under Section 1983 because they "are licensed and regulated by the state, and their role is inherently tied to the exercise of state authority." Doc. 8 at 1. In this regard, Plaintiff asserts:

> In Texas, notaries are trained and licensed by the state to ensure public safety and to perform duties that are imbued with public trust. This state licensing and regulation establish a sufficient nexus between the notaries actions and the state to qualify the notary as a state actor under Section 1983. Section 1983 provides a remedy when a person acting under color of state law deprives another of rights protected by the U.S. Constitution or laws. . . . [Ms. Scott], as a notary, trained and licensed under the State of Texas was a state actor when she performed the illegal acts.

*Id.* at 1-2 (citing *Lopez v. Lone Star Beef Processors LP*, 145 F. App'x 473, 2005 WL 1995645 (5th Cir. Aug. 19, 2005)). Plaintiff further asserts that the cases relied on by the magistrate judge fail to account for the unique roles played by notaries in Texas, "where their actions are directly tied to the state's interest in ensuring the integrity of public records and transactions." Doc. 8 at 2. Finally, Plaintiff asserts that, while the Fifth Circuit has yet to address whether notaries qualify as state actors for purposes of Section 1983, Texas's "licensing and oversight of notaries distinguish them from private individuals and establish their status as state actors when performing their

**Memorandum Opinion and Order – Page 2**

official duties." *Id.*   In addition, Plaintiff contends that the magistrate judge failed to address his claim for wire fraud under 18 U.S.C. § 1343.

Even liberally construed, Plaintiff's Complaint does not appear to assert any claim based on wire fraud under 18 U.S.C. § 1343. Moreover, this criminal statute does not create a private cause of action. *See Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that 18 U.S.C. § 1343 does not provide a private right of action for civil litigants). Thus, any claim based on this federal statute fails as a matter of law.

Further, while Plaintiff disagrees with the legal authority relied on by the magistrate judge with respect to his Section 1983 claim, he cites no authority himself to support the numerous assertions he makes regarding the alleged legal treatment of notaries in Texas. Plaintiff relies on *Lopez v. Lone Star Beef Processors LP*, but the relevance of this case is unclear, as it is an employment law case that makes no mention of Section 1983, state actors, or notaries. *See Lopez*, 145 F. App'x 474-75. By contrast, at least one of the cases relied on by the magistrate judge— *Ruiz-Ramirez v. El Chalala*—is directly on point and was affirmed by the Fifth Circuit.

Although the Fifth Circuit in *Ruiz-Ramirez v. El Chalala* did not set out in detail the district court's reasons for dismissing the plaintiff's Section 1983 claim based on the alleged misuse of the defendant's notary public commission to wrongfully transfer ownership of property, it concluded that the district court properly dismissed the plaintiff's claims under Section 1983,[2] and the district court's only justification for dismissing this claim was that: (1) the plaintiff had failed to plead facts demonstrating that the defendants were state actors, and (2) notary publics are not state actors. *Ruiz-Ramirez*, 2023 WL 478932, at *1 (citing cases).

---

[2] *Ruiz-Ramirez v. El Chalala, Inc.*, 2023 WL 7549509, at *1 (5th Cir. Nov. 13, 2023).

**Memorandum Opinion and Order – Page 3**

In addition, the Supreme Court has previously concluded in *Bernal v. Fainter*, 467 U.S. 216, 226 (1984), that Texas notaries do not perform functions at the heart of government:

> [A] notary's duties, important as they are, hardly implicate responsibilities that go to the heart of representative government. Rather, these duties are essentially clerical and ministerial. In contrast to state troopers, . . . notaries do not routinely exercise the State's monopoly of legitimate coercive force. Nor do notaries routinely exercise the wide discretion typically enjoyed by public school teachers when they present materials that educate youth respecting the information and values necessary for the maintenance of a democratic political system. . . . To be sure, considerable damage could result from the negligent or dishonest performance of a notary's duties. But the same could be said for the duties performed by cashiers, building inspectors, the janitors who clean up the offices of public officials, and numerous other categories of personnel upon whom we depend for careful, honest service. What distinguishes such personnel from those to whom the political-function exception is properly applied is that the latter are invested either with policymaking responsibility or broad discretion in the execution of public policy that requires the routine exercise of authority over individuals. Neither of these characteristics pertains to the functions performed by Texas notaries.

*Id.* at 225-26 (internal citations and footnote omitted).

While *Bernal* dealt with the function of notaries in relation to an Equal Protection claim,[3] the reasoning in that case should equally apply by analogy in determining whether notaries are state actors for the purposes of § 1983 liability. *See, e.g., Williams v. National Notary Ass'n-Fla.*, No. 3:08-CV-357-J-34JRK, 2008 WL 8122804, *4 (M.D. Fla. Nov. 4, 2008), *report and recommendation adopted*, No. 3:08-CV-357-J-34JRK (M.D. Fla. Oct. 20, 2010) (concluding that the plaintiff failed to state a claim for denial of procedural due process under § 1983 because a notary public is not a state actor under Florida law). In *Williams*, the district court concluded that notaries are not state actors for purposes of § 1983 liability based on its consideration of a Florida Supreme Court opinion in which an Equal Protection challenge was rejected on the grounds that a notary's duties do not involve governing and are not intertwined with the State's governing

---

[3] The plaintiff in *Bernal* alleged that a Texas statute requiring that a notary public be a United States citizen violated his right to equal protection.

**Memorandum Opinion and Order – Page  4**

function. *Id.* at *4 (citation omitted). The district court in *Williams* further concluded that analysis of Florida's statutes supported the same conclusion that the statutory powers and duties of a notary are merely ministerial. *Id.* As the magistrate judge noted in his Report (Doc. 7 at 4), a number of courts have similarly held that notaries are not state actors for the purposes of § 1983 liability, and the court's research has not revealed any case deviating from this trend.

Plaintiff's state actor theory would also lead to the absurd result that any professional licensed by the State of Texas, including doctors, lawyers, and dentists, would qualify as state actors even in the absence of allegations that their conduct is "fairly attributable to the State" despite the Supreme Court's reasoning to the contrary in *Bernal*. *See Bernal*, 467 U.S. at 225-26; *see also Ezell*, 2017 WL 891768, at *8 (summarizing Fifth Circuit and Supreme Court authority for state action and test for "fair attribution test"). Plaintiff's unsupported assertions and legal conclusions, however, are insufficient to show that Ms. Scott's conduct in performing notary services, which is normally considered private action, should be charged to the State of Texas because it is "fairly attributed to the State." Thus, the court agrees with the magistrate judge and the authority cited by him that notary publics are not state actors, and the allegations in Plaintiff's Complaint that Ms. Scott notarized an allegedly forged deed do not demonstrate that she was as a state actor. The court, therefore, **overrules** this objection and Plaintiff's objection regarding his Section 1343 claim.

Plaintiff contends that, even if his pleadings are found to be deficient, dismissal with prejudice of his federal claims is not warranted, and he should be granted leave to file an amended complaint to address the deficiencies identified and provide additional factual allegations to support his claims.

**Memorandum Opinion and Order – Page 5**

Rule 15(a)[4] provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). A district court may also deny leave to amend if the plaintiff does not provide a copy of the proposed amended complaint *or* explain how pleading defects could be cured. *Scott v. United States Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam). Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

Here, Mr. Crear has not provided the court with a copy of his proposed amended complaint; nor has he explained in his objections how he would cure the deficiencies identified by the magistrate judge, and the court has determined that Plaintiff's federal claims fail as a matter of law, despite his objections to the contrary. Thus, although Plaintiff is proceeding pro se, he had the opportunity to make any argument he wished to present in his objections to the Report and explain how he would cure the deficiencies identified by the magistrate judge. *See Scott*, 16 F.4th at 1209 (concluding that the district court did not err in denying the plaintiff's request for an opportunity to amend his pleadings, because he "failed to offer any grounds as to why his [request for] leave

---

[4] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Memorandum Opinion and Order – Page 6**

should be granted or how deficiencies in his complaint could be corrected."). The court, therefore, determines that any further attempt by Mr. Crear at amendment would be futile. Further, the court determines that allowing amendment under the circumstances would unnecessarily delay the resolution of this litigation. The court, therefore, **overrules** this objection by Plaintiff and **denies** his request to amend his pleadings.

Plaintiff next argues in his objections that the court should retain supplemental jurisdiction over his state law claims if it determines that he has a plausible or viable claim under Section 1983. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. The general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citation omitted); *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009) (explaining that, generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

This case has not been set for trial, and no scheduling order has been entered. Further, this case is only one year old, and the court has determined that Plaintiff's only federal claims fail as a matter of law and should be dismissed because any attempt at amendment would be futile. The general rule, therefore, applies, and the court exercises its discretion to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The factors relevant to whether supplemental jurisdiction should be exercised also weigh in favor of the court not exercising jurisdiction over Plaintiff's remaining state law claims. The statutory factors include: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been

**Memorandum Opinion and Order – Page  7**

dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing 28 U.S.C. § 1367(c)) (other citations omitted). "The common law factors . . . include judicial economy, convenience, fairness, and comity." *Id.* (citation omitted).

Finally, Plaintiff has not provided any argument why the court should exercise supplemental jurisdiction over his state law claims in the event his federal claims were dismissed. As noted, he instead simply argues in his objections to the Report that the court should exercise supplemental jurisdiction over his state law claims *if* it determines that his federal claims should not be dismissed. Based on this request, Mr. Crear is literally not objecting to a dismissal of the state law claims if the court dismisses his federal claims. Without a persuasive reason to the contrary, the court will follow the general rule within the Fifth Circuit and dismiss without prejudice Plaintiff's remaining state law claims, which may be reurged by him in the appropriate state court.

Accordingly, having considered the pleadings, Report, file, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts them as supplemented by this order** as those of the court. Plaintiff's objections (Doc. 8) to the Report (Doc. 7) are, therefore, **overruled**; his request to amend his pleadings with respect to his federal claims is **denied**; and his claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1343 are **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. As the court has declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for alleged fraud and forgery, it **dismisses without prejudice** these claims.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report **as supplemented by this order**. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 24th day of June, 2026.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 9**